UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

---

AFFILIATED COMPUTER SERVICES, INC.  :
         Plaintiff,

                                    :   3:06-CV-1770D

     v.                                 :   **FIRST AMENDED COMPLAINT**

THE BANK OF NEW YORK TRUST
COMPANY, N.A., solely in its capacity as       :
Indenture Trustee on behalf of all Holders of
Affiliated Computer Services, Inc.'s 5.20%     :
Senior Notes Due 2015 and all Holders of
Affiliated Computer Services, Inc.'s 4.70%     :
Senior Notes Due 2010,

         Defendant.

---

Plaintiff Affiliated Computer Services, Inc. ("ACS"), by its undersigned counsel of record, for its First Amended Complaint against defendant, alleges upon personal knowledge with respect to itself and its own acts, and upon information and belief with respect to all other matters, as follows:

## NATURE OF ACTION

1. ACS seeks a declaratory judgment that ACS is not in default under a provision in an indenture (as amended, the "Indenture") that was entered into on June 6, 2005, between ACS and The Bank of New York Trust Company, N.A. as Trustee ("BNYTC" or the "Trustee"), in connection with ACS's issuance of Senior Notes under the Indenture, as alleged in certain purported "Notices of Default" (the "Notices") delivered to

ACS on or after September 22, 2006. Each of the Notices alleges that Section 4.03 of the Indenture and Section 314(a) of the TIA affirmatively and independently required ACS to file <u>with the SEC</u> all annual reports required pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 (the "Exchange Act"), and that ACS is therefore in default under the Indenture because ACS has not yet filed its annual report on Form 10-K for the year ended June 30, 2006.

2.     In fact, Section 4.03(a) of the Indenture and Section 314(a) of the TIA require only that ACS file <u>with the Trustee</u> copies of those annual reports, information, and other reports that ACS has filed with the Securities and Exchange Commission (the "SEC" or "Commission") pursuant to Section 13 or 15(d) of the Securities Exchange Act (the "Exchange Act") and to comply with Section 314(a) of the Trust Indenture Act of 1939 (the "TIA").

3.     Because Section 4.03(a) of the Indenture does not require ACS to file its Form 10-K <u>with the SEC</u>, and requires only that ACS file a copy of its Form 10-K with the Trustee within 15 days after ACS files the same with the SEC, ACS respectfully requests that this Court enter a judgment declaring that ACS is not in default under Section 4.03(a) of the Indenture as alleged in the Notices.

**JURISDICTION**

4.     This Court has jurisdiction over ACS's claim for declaratory relief pursuant to 28 U.S.C. § 1331 because the action arises under the TIA, 15 U.S.C. §77nnn.

5.     Pursuant to 28 U.S.C. §§ 1332 and 1441, the federal district courts have original jurisdiction over this action based on diversity of citizenship among the parties in that the sole defendant in this action is diverse in citizenship from the plaintiff and the

amount in controversy exceeds $75,000, exclusive of interest and costs. *See Wachovia v. Schmidt*, 126 S.Ct. 941, ___ U.S. ___ (Jan. 17, 2006).

## THE PARTIES

6. Plaintiff Affiliated Computer Services, Inc. is a corporation organized under the laws of Delaware with its principal place of business located at 2828 North Haskell Avenue in Dallas, Texas.

7. Defendant BNYTC is a national association whose articles of association do not designate a location in either Delaware or Texas as its main office. Defendant BNYTC maintains an office in this District at Plaza of the Americas, 600 North Pearl Street, Suite 420 in Dallas, Texas 75201. BNYTC is named as a defendant in its capacity as Trustee on behalf of all Holders of Affiliated Computer Services, Inc.'s 5.20% Senior Notes Due 2015 and all Holders of Affiliated Computer Services, Inc.'s 4.70% Senior Notes Due 2010. BNYTC may be served with process through its registered agent, CT Corporation System, 350 North St. Paul Street, Dallas, Texas 75201. BNYTC was served with the original Complaint in this matter but has filed no answer or responsive pleading. Accordingly, this First Amended Complaint is properly filed pursuant to FED. R. CIV. P. 15(a)

8. Jurisdiction over Defendant is proper because Defendant does business in the State of Texas and has, *inter alia*, transacted business in this state and contracted to supply services or goods in this state.

9. Venue is proper in this District under 28 U.S.C. § 1391 because Defendant maintains an office in and does business in this District, and the claims against Defendant have arisen in this District.

## FACTS

10.     Plaintiff ACS brings this claim for a declaratory judgment pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §§2201 and 2202.

11.     ACS is a Fortune 500 and S&P 500 company with approximately 52,000 employees providing business process outsourcing, information technology outsourcing and systems integration services solutions to commercial and government clients.

12.     On June 6, 2005, ACS completed a public offering of $250 million aggregate principal amount of its 4.70% Senior Notes due June 1, 2010 (the "4.70% Senior Notes") and $250 million aggregate principal amount of its 5.20% Senior Notes due June 1, 2015 (the "5.20% Senior Notes"), pursuant to the Indenture and two supplements thereto entered into between ACS and Defendant BNYTC as Trustee. The First Supplemental Indenture and Second Supplemental Indenture each expressly ratified, confirmed, and incorporated the terms of the Indenture.

13.     Section 4.03 of the Indenture requires ACS to provide certain information and reports to BNYTC in its capacity as indenture trustee. Specifically, Section 4.03 provides, in pertinent part, that:

> (a) [ACS] <u>shall file with the Trustee</u>, <u>within 15 days after it files the same with the SEC</u>, copies of the annual reports and the information, documents, and other reports (or copies of those portions of any of the foregoing as the SEC may by rules and regulations prescribe) that [ACS] is required to file with the SEC pursuant to Section 13 or 15(d) of the Exchange Act. The Company shall also comply with the provisions of [the Trust Indenture Act of 1939 Section] 314(a).

(emphasis added)

14.     Similarly, Section 314(a) of the TIA, compliance with which is required by reference in Section 4.03(a) of the Indenture, requires an issuer of bonds or notes to make certain periodic reports to the indenture trustee. *See* 15 U.S.C. §77nnn. Specifically, "[e]ach

person who, as set forth in the registration statement or application, is or is to be an obligor upon the indenture securities covered thereby" must, *inter alia*, "(1) <u>file with the indenture trustee</u> copies of the annual reports and of the information, documents, and other reports . . . which such obligor is required to file with the [Securities and Exchange] Commission pursuant to [Section 13 or 15(d) of the Securities Exchange Act] . . ." *See id.* (emphasis added)

15.     Under the plain language of both Section 4.03(a) of the Indenture and Section 314(a) of the TIA, then, ACS is required to provide BNYTC in its capacity as indenture trustee with copies of the annual reports, information, documents, and other reports that ACS has filed with the SEC pursuant to Section 13 or 15(d) of the Exchange Act.

16.     On September 22, 2006, Cede & Co., acting as registered Holder of record of the 5.20% Senior Notes and on behalf of certain beneficial owners of the 5.20% Senior Notes issued pursuant to the Indenture, delivered to ACS and Defendant BNYTC a document titled "Notice of Default," which purported to advise ACS and BNYTC of an "Event of Default" under the Indenture. On September 29, 2006, ACS received a letter from the Trustee similarly alleging that ACS was in default with respect to the 5.20% Senior Notes, and on October 6, 2006, ACS received a letter from the Trustee purporting to declare an acceleration of the 5.20% Senior Notes. On October 9, 2006, ACS received purported "Notices of Default" from certain holders of the 4.70% Senior Notes issued pursuant to the Indenture.

17.     On October 6, 2006, ACS received a letter from the Trustee purporting to accelerate the 5.20% Senior Notes as a result of ACS's purported default under the Indenture. The October 6, 2006 acceleration letter from the Trustee purported to declare the

principal amount and premium, if any, and accrued and unpaid interest, if any, on the 5.20% Senior Notes to be due and payable immediately.

18. Section 6.01 of the Indenture states that an "Event of Default" occurs with respect to the securities of any series issued pursuant to a supplement to the Indenture where "ACS fails to comply with any of its . . . covenants or agreements in, or provision of, the securities of that series or [of the Indenture] . . . which shall not have been remedied within the specified period after written notice, as specified in the last paragraph of Section 6.01 [of the Indenture]." The last paragraph of Section 6.01 of the Indenture further provides that "[a] Default under clause (3) of this Section 6.01 is not an Event of Default until the Trustee notifies [ACS] or the Holders of at least 25% in principal amount of the then outstanding [s]ecurities of the series affected by that Default, or, if outstanding [s]ecurities of other series are affected by that Default, then at least 25% in principal amount of the then outstanding [s]ecurities so affected, notify [ACS] and the Trustee, of the Default, and [ACS] fails to cure the Default within the period of days specified in the applicable indenture."

19. Despite the plain language of Section 4.03(a) of the Indenture and Section 314(a) of the TIA, both of which require only that ACS provide copies of certain of its SEC filings to the Trustee, the Notices allege that Section 4.03(a) of the Indenture creates an additional, independent obligation to file certain reports and documents <u>with the SEC</u>. In other words, the Notices allege that Section 4.03(a) of the Indenture and Section 314(a) of the TIA impose <u>two</u> requirements, rather than one: obligating ACS to file <u>with the SEC</u> all annual reports required pursuant to Section 13 or 15(d) of the Exchange Act <u>and to furnish to the indenture trustee</u> and the holders of the Notes annual reports that ACS has filed with the SEC. The Notices further allege that ACS is in default under this provision of the Indenture

6

because it has not yet not filed <u>with the SEC</u> an annual report on Form 10-K for the fiscal year ended June 30, 2006, as of September 14, 2006.

20. The Notices of Default further request that the Trustee and ACS remedy the purported default under the Indenture.

## FIRST CLAIM FOR DECLARATORY RELIEF

21. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 19 of the Complaint as if fully set forth herein.

22. The plain language of Section 4.03(a) of the Indenture requires ACS only to file with Defendant BNYTC as Trustee copies of certain annual reports, information, documents, and other reports that ACS has filed with the SEC pursuant to Sections 13 and 15(d) of the Exchange Act within 15 days of their filing with the SEC.

23. Similarly, Section 314(a) of the TIA requires ACS only to file with Defendant BNYTC as Trustee copies of the annual reports, information, documents, and other reports that ACS files with the SEC pursuant to Sections 13 and 15(d) of the Exchange Act.

24. Because ACS has not yet filed its annual report on Form 10-K for the fiscal year ended June 30, 2006, ACS is not yet obligated to provide copies of its Form 10-K for the fiscal year ended June 30, 2006 to the Trustee under either Section 4.03(a) of the Indenture or Section 314(a) of the TIA. Accordingly, ACS is not in default under the Indenture, as alleged in the Notices, and the purported acceleration of the 5.20% Senior Notes by the Trustee is ineffective.

25. The declaratory relief sought in this action will clarify and settle the legal relations between the parties and will afford relief from the uncertainty and controversy that

7

presently exist with respect to the parties' respective rights and obligations under the Indenture.

26. Pursuant to 28 U.S.C. § 2201, ACS is entitled to a declaratory judgment that it is not in default under Section 4.03(a) of the Indenture.

## **PRAYER**

WHEREFORE, Plaintiff ACS prays for the following relief:

A. A declaration that ACS is not in default under Section 4.03(a) of the Indenture with respect to either the 5.20% Senior Notes or the 4.70% Senior Notes; and

B. Such other relief as to which it may be entitled.

Dated:   October 12, 2006

> Respectfully submitted,
>
> /s/ Charles W. Schwartz_____
> Charles W. Schwartz
> State Bar No. 17861300
> Attorney in Charge
> SKADDEN, ARPS, SLATE,
>    MEAGHER & FLOM LLP
> 1000 Louisiana, Suite 6800
> Houston, TX 77002
> Telephone No.: 713-655-5160
> Facsimile No.: 888-329-2286
>
> Michelle L. Davis*
> State Bar No. 24038854
> SKADDEN, ARPS, SLATE,
>    MEAGHER & FLOM LLP
> One Rodney Square
> Wilmington, DE 19899-0636
> (302) 651-3000 – phone
> (888) 329-3350 – fax

*A resident of the Northern District of Texas and a member of the Bar of this Court.