UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

---

AFFILIATED COMPUTER SERVICES, INC.,

Plaintiff,

v.

WILMINGTON TRUST COMPANY, solely in its
capacity as Indenture Trustee on behalf of all
Holders of Affiliated Computer Services, Inc.'s
5.20% Senior Notes Due 2015 and all Holders of
Affiliated Computer Services, Inc.'s 4.70%
Senior Notes Due 2010.

Defendant.

3:06-CV-1770D

**ANSWER TO FIRST
AMENDED COMPLAINT,
AND COUNTERCLAIM**

---

Defendant Wilmington Trust Company[1] (the "Successor Trustee") for its answer and counterclaim to the Complaint of Affiliated Computer Services, Inc. ("ACS") states as follows:

**PRELIMINARY STATEMENT**

1.  This case arises out of the practice of backdating employee stock options.

2.  Upon information and belief, ACS was among the public companies whose past financial statements were materially false due to stock option backdating. In May 2006, ACS announced that it was investigating options backdating practices going back to 1994. On account of the investigation, in September 2006, ACS announced that it was not prepared to file its Form 10-K for the year ended June 30, 2006 and has since failed to file subsequent Form 10-Qs. More recently, on November 27, 2006, due to the options backdating, ACS forced its Chief

---

[1] Pursuant to that certain Instrument of Resignation, Appointment and Acceptance, dated December 19, 2006, which became effective on December 29, 2006, Wilmington is the successor trustee to The Bank of New York Trust Company, N.A. ("BNYTC").

Executive Officer and Chief Financial Officer to resign. Thus, this litigation arises solely from the apparently improper actions of ACS.

3. Among the investors who had a right to know the true financial condition of ACS were its note holders. That right is contained in Section 4.03 of the Indenture which requires ACS to file with the SEC and the Indenture Trustee quarterly and annual financial statements for the note holders' benefit. In addition, that right is granted to note holders by Section 314(a) of the Trust Indenture Act of 1939 ("TIA") which requires ACS to provide the Indenture Trustee with copies of the company's Form 10-Ks and Form 10-Qs for the note holders' benefit. Interpretation of Section 4.03 of the Indenture and Section 314(a) of the TIA is at the heart of this litigation.

4. In failing to file its 2006 Form 10-K, ACS committed a default under the Indenture and violated Section 413(a) of the TIA. Accordingly, the Successor Trustee seeks relief on behalf of all note holders, including but not limited to, the remedy of acceleration.

## ANSWER TO COMPLAINT

The Successor Trustee denies each and every allegation of the First Amended Complaint of ACS, except as admitted or qualified below:

5. Denies the allegations in Paragraph 1, except admits upon information and belief that on June 6, 2005, ACS entered into an Indenture with BNYTC in connection with ACS's issuance of Senior Notes under the Indenture. The Successor Trustee further admits upon information and belief that on or after September 22, 2006, Notices of Default were duly provided to ACS by Holders of the Notes and by BNYTC and refers to the Notices of Default for their contents.

6. Denies the allegations in Paragraph 2 and refers to the Indenture and to Section 314(a) of the TIA, for their contents.

7. Denies the allegations in Paragraph 3.

8. Admits the allegations in Paragraph 4.

9. Upon information and belief, admits the allegations in Paragraph 5 as it relates to BNYTC as of the date of the commencement of the action.

10. Admits the allegations in Paragraph 6.

11. Upon information and belief, admits the allegations in Paragraph 7, but further alleges that pursuant to that certain Instrument of Resignation, Appointment and Acceptance, dated December 19, 2006, which became effective on December 29, 2006, the Successor Trustee succeeded as Indenture Trustee under the Indenture.

12. Upon information and belief, admits the allegations in Paragraph 8 as it relates to BNYTC as of the date of the commencement of the action, but denies the allegations in Paragraph 8 with respect to the Successor Trustee.

13. Upon information and belief, admits the allegations in Paragraph 9 as it relates to BNYTC as of the date of the commencement of the action, but denies the allegations in Paragraph 9 with respect to the Successor Trustee.

14. The allegations contained in Paragraph 10 constitute legal conclusions, rather than factual allegations, and no responsive pleading is required. To the extent, however, that a responsive pleading is required, Defendant denies the allegations contained in Paragraph 10.

15. Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 11.

16. Upon information and belief, admits the allegations contained in Paragraph 12.

17. Denies the allegations contained in Paragraph 13, and refers to Section 4.03 of the Indenture for its contents.

18. Denies the allegations in Paragraph 14, and refers to Section 314(a) of the TIA and Section 4.03(a) of the Indenture for their contents.

19. Paragraph 15 states only legal conclusions, rather than factual allegations, and no responsive pleading is required. Defendant refers to Section 4.03(a) of the Indenture and Section 314(a) of the TIA for their contents.

20. Denies the allegations in Paragraph 16, except admits upon information and belief that on September 22, 2006, Cede & Co., acting as registered holder of record of the 5.20% Senior Notes and on behalf of certain beneficial owners of the 5.20% Senior Notes issued pursuant to the Indenture, delivered to ACS and BNYTC a Notice of Default, which advised ACS and BNYTC of an Event of Default under the Indenture, and thereafter Cede & Co. acting on behalf of the same beneficial owners issued a notice of acceleration to ACS. The Successor Trustee further admits upon information and belief that on or about September 29, 2006, the Indenture Trustee sent ACS a letter notifying ACS that it was in default with respect to the 5.20% Senior Notes, and that on or about October 6, 2006, BNYTC sent ACS a letter declaring an acceleration of the 5.20% Senior Notes. The Successor Trustee further admits that on or after October 5, 2006, Cede & Co., acting as registered holder of record of the 4.70% Senior Notes and on behalf of certain beneficial owners of the 4.70% Senior Notes issued pursuant to the Indenture sent Notices of Default to ACS and thereafter Cede & Co. acting on behalf of the same beneficial owners sent notices of acceleration to ACS.

21. Denies the allegations in Paragraph 17, except admits upon information and belief that on or about October 6, 2006, BNYTC sent a letter to ACS accelerating the 5.20% Senior

Notes as a result of ACS's default under the Indenture, and refers to the text of the October 6, 2006, acceleration letter for its contents.

22. Denies the allegations in Paragraph 18, and refers to Section 6.01 of the Indenture for its contents.

23. Denies the allegations in Paragraph 19, and refers to Section 4.03(a) of the Indenture and Section 314(a) of the TIA, and the Notices of Default for their contents.

24. Denies the allegations in Paragraph 20 as to the Trustee.

## FIRST CLAIM FOR DECLARATORY RELIEF

25. Repeats and realleges Paragraphs 1 through 24 of this Answer as if fully set forth herein.

26. Denies the allegations in Paragraph 22.

27. Denies the allegations in Paragraph 23.

28. Denies the allegations in Paragraph 24.

29. Denies the allegations in Paragraph 25.

30. Denies the allegations in Paragraph 26.

## AFFIRMATIVE DEFENSES

For its affirmative defenses, the Successor Trustee states and alleges as follows:

31. Plaintiff's First Amended Complaint fails to state a claim upon which relief may be granted.

## COUNTERCLAIM

Defendant and counterclaimant, the Successor Trustee, solely in its capacity as Successor Trustee on behalf of all note holders, for its counterclaim against plaintiff ACS, states and alleges as follows:

1.  ACS failed to file its required its Form 10-K with the SEC for the year ending June 30, 2006 in a timely manner. By not filing this report with the SEC, ACS also disabled itself from providing such report to BNYTC or the Successor Trustee, and thereby defaulted under the Indenture. Certain beneficial owners of the Notes issued under the Indenture duly exercised their rights, through BYNTC and Cede & Co., to accelerate all the principal of, and all accrued and unpaid interest, for immediate payment. ACS has refused to honor the acceleration. Accordingly, the Successor Trustee seeks immediate relief on behalf of all holders of the Notes (the "Holders") for ACS's continuing default, including but not limited to, the remedy of acceleration.

2.  The Successor Trustee is the successor indenture trustee under that certain Indenture dated as of June 6, 2005 between BNYTC and ACS, and two supplements thereto (the "Indenture"). The First Supplemental Indenture and Second Supplemental Indenture each expressly ratified, confirmed, and incorporated the terms of the Indenture. Pursuant to the terms of the Indenture, upon information and belief ACS completed a public offering of $250 million aggregate principal amount of its 4.70% Senior Notes due June 1, 2010 (the "4.70% Senior Notes") and $250 million aggregate principal amount of its 5.20% Senior Notes due June 1, 2015 (the "5.20% Senior Notes"). Collectively, the 4.70% Senior Notes and the 5.20% Senior Notes shall be referred to as the "Notes."

3.  The Notes are governed by the Indenture. The terms of the Indenture are binding contractual obligations on ACS, and the Indenture Trustee, for the benefit of the Holders.

4.  The Indenture and the Notes, by their terms, are governed by the laws of the State of New York.

5.  Section 4.03 of the Indenture and the terms of the TIA, which are incorporated into the Indenture, require ACS to file quarterly and annual reports with the SEC on a timely basis.

6.  Section 4.03 of the Indenture also requires ACS to comply with Section 314(a) of the TIA by providing the Trustee all such annual and quarterly reports within 15 days of having filed them with the SEC.

7.  Section 314(a) of the TIA specifically provides that its rules and regulations, including the requirement that filings be made with the Indenture Trustee, are for the "protection of investors" and "in the public interest."

8.  Under Section 6.01(3) of the Indenture, ACS's failure to comply with any of its covenants or agreements in, or provisions of, the Indenture, including Section 4.03, after written notice of default is given to ACS, constitutes an Event of Default unless earlier cured.

9.  ACS failed to file its required Form 10-K for the year ending June 30, 2006 (the "10-K") either with the SEC, with whom it was due on September 13, 2006, or with the Indenture Trustee, with whom it was due on September 28, 2006.

10. ACS's failure to file its Form 10-K with the Indenture Trustee breached Section 4.03 of the Indenture.

11. Under Section 303(9) of the Trust Indenture Act of 1939, as amended (the "TIA"), the Indenture is a "qualified" Indenture and therefore the rights and obligations of the parties are governed by the TIA.

12. ACS's failure to file its Form 10-K with the SEC violated Section 413(a) of the TIA.

13. Notices of Default and demands to accelerate the Notes were duly provided to ACS in accordance with Article VI of the Indenture.

14. ACS has failed to make payment to the Holders in accordance with the demands to accelerate the Notes.

15. As of the date of this pleading, ACS still has not filed its 10-K with the SEC, BNYTC or the Successor Trustee and has not complied with the demands to accelerate the Notes.

### FIRST CAUSE OF ACTION:

### DECLARATORY RELIEF FOR BREACH OF CONTRACT

16. Paragraphs 1 to 15 of the counterclaim are incorporated as if stated fully herein.

17. ACS breached Section 4.03 of the Indenture by failing to make a timely filing of its 10-K with the SEC. ACS further breached Section 4.03 by failing to file, such report in a timely manner with the Indenture Trustee.

18. ACS breached Section 6.02 of the Indenture by failing to comply with the Notices of Acceleration.

19. As a result, the Successor Trustee is entitled to relief that ACS has breached the Indenture and also is entitled to the remedy of acceleration or, in the alternative, damages pursuant to Section 6.03 of the Indenture as well as all other appropriate relief, including an award of attorneys' fees to the Successor Trustee in accordance with the terms of the Indenture.

### SECOND CAUSE OF ACTION:

### DECLARATORY RELIEF FOR BREACH OF
### THE COVENANT OF GOOD FAITH AND FAIR DEALING

20. Paragraphs 1 to 19 of the counterclaim are incorporated as if stated fully herein.

21.  To the extent that ACS did not breach an express obligation set forth under Section 4.03 of the Indenture, then it breached an implied obligation thereunder.

22.  The Successor Trustee is entitled to relief that ACS has breached the covenant of good faith and fair dealing under the Indenture and Holders are entitled to the remedy of acceleration or, in the alternative, damages pursuant to Section 6.03 of the Indenture as well as all other appropriate relief, including an award of attorneys' fees to the Successor Trustee in accordance with the terms of the Indenture.

## THIRD CAUSE OF ACTION:
## FOR VIOLATION OF SECTION 314(a) OF THE TIA

23.  Paragraphs 1 to 22 of the counterclaim are incorporated as if stated fully herein.

24.  ACS violated Section 314(a) of the TIA by failing to make a timely filing of its 10-K for the year ending June 30, 2006 with BNYTC or with the Successor Trustee.

25.  As a result, the Successor Trustee is entitled to relief that ACS has violated Section 314(a) of the TIA. Holders are entitled to damages to be established at trial.

WHEREFORE, the Successor Trustee requests an Order and Judgment from the Court as follows:

1.  Declaring and determining that ACS has breached Section 4.03 of the Indenture and/or the covenant of good faith and fair dealing implied therein.

2.  Declaring and determining that ACS has breached Section 6.02 of the Indenture, and ordering ACS immediately to pay to Holders all principal of, and all accrued and unpaid interest on, all the Notes, or, in the alternative, declaring that Holders are entitled to damages measured by the difference between the fair market value of the Notes on or about September 22, 2006 and par.

    3.    Declaring and determining that ACS has violated Section 314(a) of the TIA and that Holders are entitled to actual damages.

    4.    Awarding defendant interest, costs and reasonable attorneys' fees.

    5.    Granting such further and other relief as the Court deems just and necessary.

Dated: January 16, 2007        Respectfully submitted,

        **ZELLE, HOFMANN, VOELBEL, MASON & GETTE, L.L.P.**

        By:   /s/ Todd M. Tippett
            Thomas H. Cook, Jr.
            State Bar No. 00783869
            Todd M. Tippett
            State Bar No. 24046977

        1201 Main Street, Suite 3000
        Dallas, TX 75202-3975
        Telephone:    (214) 742-3000
        Facsimile:    (214) 760-8994

        Of counsel:

        **ANTHONY OSTLUND & BAER, P.A.**
        Jeffrey I. Ross
        Steven M. Pincus
        3600 Wells Fargo Center
        90 South Seventh Street
        Minneapolis, MN 55402
        Telephone:    (612) 349-6969
        Facsimile:    (612) 349-6996
        **ATTORNEYS FOR DEFENDANT**

### CERTIFICATE OF SERVICE

This is to certify that service of the foregoing **ANSWER TO FIRST AMENDED COMPLAINT, AND COUNTERCLAIM** has been accomplished on all known filing users through the ECF filing system on this 16th day of January, 2007.

            /s/ Todd M. Tippett
            Todd M. Tippett